499 So.2d 521 (1986)
SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff-Appellant,
v.
GAINES PETROLEUM COMPANY, INC., et al., Defendants-Appellant and Appellees.
No. 18171-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*522 Tucker, Jeter and Jackson by T. Haller Jackson, III, Shreveport, for plaintiff-appellant.
Edward O. Kernaghan, Shreveport, for defendant-appellant, Gaines Petroleum Co.
Blanchard, Walker, O'Quin & Roberts by J. Jay Caraway and Julie Mobley Lafargue, Shreveport, for defendant-appellee, Phillips Petroleum Co.
Love, Rigby, Dehan, Love & McDaniel by Kenneth Rigby, Shreveport, for defendantappellee, Joe J. Velotta.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
In this action for property damage, the trial court awarded the plaintiff telephone utility, South Central Bell (SCB), $46,970 as the cost of repairing and replacing on four occasions its underground lines that were damaged by gasoline leaking from an underground storage tank at a defendant's nearby service station.
The judgment cast in solido Gaines Petroleum Company, Inc., who owned the underground tank and the service station, and the lessee-operator of the station, Farris, and rejected SCB's demand against other defendants, such as Phillips Petroleum Company, Inc., who supplied the gasoline to the station under a contract with Gaines.
Gaines appealed and contends that SCB did not meet its burden of proving either liability or the specific amount of damage. SCB appealed and seeks to increase the damages awarded.
*523 Phillips Petroleum answered the appeal of Gaines and contends that the trial court should have allowed its third party demand for the attorney fees it incurred in the action because of Gaines' failure to comply with its obligation in the Gaines-Phillips supply contract to defend Phillips Petroleum against any claims that arise out of the storage of Phillips' gasoline in Gaines' tank.
We affirm the judgment on the main demand. The third party demand was impliedly rejected. We reverse the third party demand in this respect to render judgment for attorney fees in favor of Phillips Petroleum and against Gaines.

FACTS
The site of the damaged cable was in an underground conduit beneath a manhole south of the intersection of 79th street and Line avenue in Shreveport. The Phillips 66 station leased by Gaines to Farris is situated at the intersection 200 feet north of the manhole. Until 1980, a time insignificant to resolution of this case, no other gasoline stations operated within six blocks of the Phillips 66 station and the manhole.
When telephone service to its customers was first disrupted in 1978, SCB opened the manhole and found an accumulation of water and gasoline in the conduit. The gasoline had weakened the protective plastic sheath of the cable to allow moisture to enter and cause damage. SCB resheathed the cable to repair this damage. A second incident, caused by the same condition, occurred a few weeks later in August 1978. Again SCB repaired the damaged cable in a similar manner. SCB suspected the nearby Phillips 66 station was the source of the gasoline found in the conduit and made its initial inquiry to Farris, the operator of the station, and later to Gaines Petroleum. SCB filed its action on May 4, 1979.
Similar incidents occurred from the same conditions in December 1979 and in January 1982 but caused greater damage. On each occasion SCB found the damage to the cable extended more than 900 feet northerly from the manhole. SCB "pulled" and replaced that length of cable to accomplish the repair and restoration of telephone service. SCB supplemented its original petition on June 24, 1980, and on September 17, 1982, to include the damage caused in the latter two incidents.

SUFFICIENCY OF EVIDENCE; LIABILITY
Cause in fact of damage may be proved by circumstantial evidence, which, of course, must exclude other reasonable hypotheses. South Central Bell v. Hartford Acc., 385 So.2d 830 (La.App. 1st Cir. 1980).
The trial court emphasized that
the Phillips 66 station was the nearest possible source of a gasoline leak;
a later test of Gaines' tanks by Gaines' expert witness disclosed a significant leak in one of the tanks;
a chemistry expert testified that on an earlier occasion the gasoline from the conduit and from one of Gaines' tanks matched perfectly and that on another occasion, and after Gaines had changed the quality of the gasoline in one tank (unleaded premium to unleaded regular), the match was "similar;"
Shreveport Fire Department witnesses and others testified that the smell of gasoline was prevalent in test holes dug near the Phillips 66 station; and
the station, unexplainably, had suffered financial losses during the period in question.
The trial court found Gaines liable under La.C.C. Art. 2317 ("strict" liability arising out of the ownership of a defective thing) and Art. 2315 (traditional negligence). Gaines argues that the elements of strict liability were not proved and that the evidence does not support a finding of negligence on the part of Gaines.
One Gaines tank was proved defective by Gaines' expert witness. Gaines and Farris knew of the unexplained financial losses experienced by the station. When that *524 knowledge is coupled with the early notification to them by SCB that it appeared that gas from one of the tanks at the station was leaking into the conduit, Gaines was negligent in failing to discover and to take precaution against the very foreseeable risk that the leaking gasoline would cause damage to the person or property of others. The record supports the trial court's finding that gasoline leaking from the Phillips 66 tank caused SCB's damage and that Gaines is liable for this damage, whether under either or both strict liability and negligence.
Gaines also argues that SCB is guilty of victim fault for failing to use lead sheath cable to replace the damaged cable, and that this should bar or mitigate any damage award to SCB. The record supports the trial court's finding that SCB was justified in its decision to make the repair with the ordinary "Stelpath" sheath cable. Although the lead sheath cable is more resistant to gasoline damage, it is more expensive and much more difficult to obtain. SCB's primary concern, as a public utility, was to repair the cables and restore telephone service as quickly as possible with materials which were on hand. We cannot find the trial court erred in not finding fault on SCB's part in the manner in which the repair of the cable was done.

DAMAGES
Gaines argues that SCB failed to prove its damages by competent evidence. Gaines contends that SCB presented no evidence of the actual cost of the repairs, and that all the testimony concerning damages was hearsay and insufficient to warrant recovery. On the other hand, SCB argues that the trial court erred in reducing the material cost claim by ten percent and by failing to include overhead in the labor cost.
A plaintiff must prove his damages by a preponderance of the evidence. This burden may be met either by direct or circumstantial evidence. Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). Where damage has occurred but cannot be exactly estimated, the courts have reasonable discretion to assess damages based upon all the facts and circumstances of the case. Jordan, supra; Dixie Life Ins. v. Pacific Mut. Life Ins., 416 So.2d 139 (La.App. 4th Cir.1982). It is not always necessary that documentary evidence be introduced to support a claim for damages. Harper v. O'Neal, 363 So.2d 930 (La.App.2d Cir.1978). The Jordan rule is not applicable, however, where the cost of labor and materials to repair a damaged thing may be specifically ascertained. Thompson v. Simmons, 499 So.2d 517 (La.App.2d Cir.1986). The trial court is vested with much discretion in this area and each case must be categorized and determined on its own facts. In reviewing an award of damages, we do not determine whether a different award might have been more appropriate, but whether the award of the trial court is within reasonable discretion and is supported by the evidence and justifiable inferences from that evidence. Green v. Superior Oil, 441 So.2d 54 (La.App.3d Cir.1983).
When SCB made repairs to the cables and manhole, the direct supervisor of the repair work force compiled the workers' hours, contractors' invoices and materials used to determine the extent of damages. The specific hours worked, materials costs, and outside contractor expenses of all four repair incidents were listed and explained at trial by the supervisor in charge of the respective work crew on each occasion. SCB is entitled to recover its actual loss in wages and materials and is entitled to be restored in the same position as it was in before the damage occurred. Southwestern Electric Power Company v. Canal Insurance Co., 121 So.2d 769 (La.App.2d Cir.1960).
Because it is a public utility, SCB uses a somewhat unconventional method to determine its cost of repairing and maintaining its cables. Testimony revealed that the hourly rate used by SCB in calculating its labor cost was an average rate which included overhead. Material costs were averaged on a "broad gauge" basis or within *525 10 percent of the actual cost. The trial court allowed recovery only for what was deemed to represent the actual repair costs and excluded any further overhead from the average labor rate. The trial court reduced the "broad gauge" cost for materials by 10 percent. We cannot say that the trial court abused its discretion under the circumstances. The record supports the trial court's conclusions in all respects.

PHILLIPS' CLAIM FOR ATTORNEY'S FEES
In its third party demand filed in June 1982, Phillips claimed attorney's fees under its contracts with Gaines for Gaines' failure to defend Phillips in the action. These "branded jobber sales contracts" were executed in May of 1978 and 1979 and in January of 1980 and 1981 and are in the record. Each contract contained provisions which obligated Gaines to hold harmless and defend Phillips against any and all claims arising out of the storage, handling or use of the gasoline sold by Phillips to Gaines. Gaines was also obligated to indemnify Phillips for any costs and expenses Phillips incurred as a result of any such claims.
Phillips argues that Gaines refused to defend it in this lawsuit and that under the contracts Phillips is entitled to reasonable attorney's fees of not less than $7,500. The trial court did not squarely rule upon the third party demand but impliedly rejected it. See Cagle v. Spade Drilling Company, Inc., 325 So.2d 354 (La.App. 3d Cir. 1975).
The contract language is clear and unambiguous. Gaines was obligated to defend Phillips against all claims resulting from the handling and storage of the gasoline. Hold harmless and indemnity provisions have been upheld as not being violative of public policy. Jennings v. Ralston Purina Company, 201 So.2d 168 (La.App.2d Cir. 1967). An obligor under such provisions is liable for reasonable attorney's fees incurred by the obligee even though the obligatory provision does not specifically authorize attorney's fees. Jennings, supra; Lirette v. Union Texas Petroleum Corporation, 467 So.2d 29 (La.App. 1st Cir.1985); Hobbs v. Teledyne Movible Offshore, Inc., 632 F.2d 1238 (5th Cir.1980).
We shall enforce the obligation and render judgment in favor of Phillips and against Gaines for reasonable attorney's fees. Phillips' attorneys showed 41 hours for pre-trial services, plus $374 in expenses. The case was tried for four days. Phillips' attorneys answered Gaines' appeal. All issues were thoroughly briefed here and below. Under the circumstances of this record, we deem that $9,000 would be a reasonable and just award.
The judgment of the lower court is affirmed as written. The implied rejection by the trial court of the third party demand of Phillips Petroleum Company is reversed and judgment is hereby rendered in favor of Phillips Petroleum Company, Inc. and against Gaines Petroleum Company, Inc. for $9,000, with interest from judicial demand.
All costs are assessed against Gaines Petroleum Company, Inc.
AFFIRMED in part, REVERSED in part and RENDERED.