642 So.2d 242 (1994)
Gwen FAUCHEAUX
v.
PRYTANIA MEDICAL COMPLEX OWNERS ASSOCIATION, et al.
Marilyn S. Canalizo, Wife of/and Albert E. CANALIZO
v.
NME HOSPITALS, INC., d/b/a St. Charles General Hospital, Prytania Medical Complex Owners Association, et al.
Nos. 93-CA-2042, 94-CA-0159.
Court of Appeal of Louisiana, Fourth Circuit.
August 17, 1994.
*243 Sidney J. Angelle, Lane A. Schaffer, Lobman, Carnahan and Batt, Metairie, for defendant/appellee, Prytania Medical Complex Owners.
Thomas L. Gaudry, J. Michael Daly, Jr., Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, for defendant/appellant, NME Hospitals, Inc. d/b/a St. Charles General Hosp.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
In these consolidated cases, defendant/third party defendant NME Hospitals, Inc. d/b/a St. Charles General Hospital (St. Charles General) appeals two trial court judgments granting summary judgment in favor of defendant/third party plaintiff, Prytania Medical Complex Owners Association (Prytania). The issue for our review is the interpretation of certain indemnity provisions in the lease agreement between Prytania and St. Charles General.
On September 27, 1989, Gwen Faucheaux allegedly slipped and fell near the fourth floor level of the parking garage adjacent to the Prytania Medical Complex in New Orleans. On April 5, 1989, Marilyn Canalizo allegedly slipped and fell near the third floor level of this same parking garage. Faucheaux and Canalizo each filed a petition for damages against, among others, Prytania and St. Charles General alleging that these defendants were the owners and/or custodians of the facility where the accidents occurred. In both cases, Prytania, the owner of the premises, filed a third party demand against St. Charles General, the lessee, alleging that the lessee was obligated to hold the owner harmless and to indemnify and defend it pursuant to the provisions of a ground lease executed by these parties on March 29, 1978.
Thereafter Prytania filed motions for summary judgment or, alternatively, for declaratory relief. In the Faucheaux case, the trial judge granted the motion and ordered St. Charles General to indemnify and hold Prytania harmless in the amount of any judgment for which Prytania would be liable to plaintiff. The judge also ordered St. Charles General to assume Prytania's defense of Faucheaux's suit. In the Canalizo case, a different trial judge granted Prytania's motion and ordered St. Charles General to assume Prytania's defense and to indemnify Prytania in the amount of any judgment rendered against Prytania, including attorney fees and costs. St. Charles General appeals both judgments.
In support of its motions for summary judgment, Prytania filed memoranda, the 1978 ground lease between it, as lessor, and St. Charles General, as lessee; correspondence between the parties regarding Prytania's demand for defense and indemnification; a portion of each plaintiff's deposition in their respective cases, the affidavit of architect W.L. Argus, Jr. and a statement of attorneys' fees and costs. In its memorandum in each case, Prytania relies on paragraphs fifteen and sixteen of the ground lease to support its claim.
Paragraph fifteen of the ground lease states, in pertinent part:
"Lessee will indemnify and hold harmless Lessor from and against the payment of all loss, damages, legal costs and charges, inclusive of counsel fees, by Lessor lawfully and reasonably incurred or expended in or about the prosecution or defense of any suit or other proceeding in the discharging of the premises, or any part thereof, from any lien, judgment or encumbrance created upon, or against the same ..."
Paragraph sixteen states:
"Lessee shall at all times during the term of this lease, and at Lessee's expense, keep all buildings and improvements situated on said premises in good order, condition and repair; ordinary wear and tear excepted, and shall at all times save and keep Lessor free and harmless from any and all damages or liability, including damages to the property of Lessor, occasioned by any act or neglect of Lessee, or any agent or employee *244 of Lessee, or any tenant or person holding under Lessee, and shall indemnify and save harmless Lessor against and from any loss, costs, damage and expenses arising out of or in connection with the erection of any building or improvement upon said premises, or out of any accident to or injury to any person or property whomsoever and whatever, due directly or indirectly to the use of the premises, or any part thereof, by Lessee, or any other person or persons holding under Lessee."
In opposition to Prytania's motion in the Faucheaux case, St. Charles General filed a memorandum, its answers to interrogatories propounded by plaintiff Faucheaux, and a September 19, 1989 invoice from a contractor for repairs to the crossover walkways from the Prytania Medical Complex parking garage to St. Charles General Hospital. In the Canalizo case, St. Charles General filed a memorandum, its response to Canalizo's request for production of documents and the same September 19, 1989 invoice filed in the Faucheaux case.
In each case, St. Charles General argues that paragraph fifteen of the ground lease does not require it to indemnify or defend Prytania for these tort actions. According to St. Charles General, neither case involves a "discharging of the premises, or any part thereof, from any lien, judgment or encumbrance created upon, or against the same" and, therefore, indemnification and a duty to defend are not required. With respect to paragraph sixteen, St. Charles General argues that it does not require defense or indemnification in these actions because the walkway where the accidents occurred had been refinished at the request of Prytania and any defects in the accident area were due to the negligence of Prytania and/or its employees. St. Charles General asserts that indemnification is not owed as a result of Prytania's own negligence. St. Charles General also argues the ambiguity of the term "persons holding under the lessee," as well as the fact that the indemnification issue is premature at this stage of the proceedings.

DUTY TO DEFEND:
We are satisfied that Paragraph fifteen is not applicable to the alleged facts of either of these cases. The clear language of that paragraph provides that it applies only to those situations which involve the discharging of a lien, judgment or encumbrance against the premises. It unambiguously states that the "lessee will indemnify and hold harmless lessor from and against the payment of all loss, damages, legal costs and charges, inclusive of counsel fees, by Lessor lawfully and reasonably incurred or expended in or about the prosecution or defense of any suit or other proceeding in the discharging of the premises or any part thereof, from any lien, judgment or encumbrance created upon, or against the same." (emphasis added) See La.C.C. Art. 2046.
Paragraph sixteen, however, is another matter. It requires the lessee to "indemnify and save harmless Lessor against and from any loss, costs, damages and expenses arising ... out of any accident to or injury to any person or property whomsoever ... due directly or indirectly to the use of the premises, or any part thereof, by Lessee or any other person or persons holding under Lessee." Thus, although that paragraph, on its face, applies to personal injury claims such as those alleged by Faucheaux and Canalizo, it has no provision requiring a duty to defend. The obligations imposed by that paragraph encompass the loss, costs, damages and expenses that Prytania may incur. There is no mention of assuming Prytania's defense. We, therefore, hold that the trial courts, in both suits, were in error by imposing on St. Charles the obligation to defend Prytania.

INDEMNIFICATION:
St. Charles General makes several arguments as to why it was error to impose indemnification responsibility by way of summary judgment. However, the prematurity argument is dispositive of this issue.
Certainly paragraph sixteen, on its face, appears to impose some indemnification responsibilities on St. Charles General. However, the applicability of that paragraph and the extent of those responsibilities cannot be decided until the main demands are tried and resolved. If the plaintiffs lose, there may be no indemnification required. If plaintiffs are *245 successful, the legal and factual basis of their recovery may weigh heavily on whether the indemnification provisions are applicable.
In sum, any decision rendered by this Court at this time would be premature and perhaps an advisory opinion, which we are not permitted to render. See, American Waste v. St. Martin Parish, 627 So.2d 158 (La.1998). "A declaratory action cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on existing state of facts." (emphasis added) Id. at 162. The court should not entertain a declaratory action based on a contingency which may or may not arise. American Waste, supra.
Accordingly we reverse that portion of both trial court judgments which require St. Charles General to defend Prytania and hold that the lease agreement provides no such duty. We vacate the remainder of each judgment requiring indemnification, and remand for a trial on the merits after which the indemnification issue should be decided.
REVERSED AND RENDERED IN PART; VACATED AND REMANDED.