840 So.2d 1265 (2003)
H.L. RICHEY, et al., Plaintiffs-Appellees,
v.
Jeff A. MOORE, et al., Defendants-Appellants.
No. 36,785-CA.
Court of Appeal of Louisiana, Second Circuit.
March 7, 2003.
*1266 Klotz, Simmons & Brainard by David Klotz, Shreveport, for Defendants-Appellant, Jeff A. Moore, Tammy Hancock Moore, T & M Oil Company and T & M Production.
Charles W. Strickland, Shreveport, for Defendant-Appellant, Vernon Monk and Marcia Pierce Monk.
Lemle, Kelleher, Barlow & Hardtner by Michael B. Donald, Shreveport, for Appellees.
Before BROWN, GASKINS and KOSTELKA, JJ.
GASKINS, J.
The defendants, Jeff A. Moore, Tammy Hancock Moore, Vernon Monk, Marcia Pierce Monk Free, T & M Oil Company, and T & M Production, appeal a trial court judgment granting $50,000.00 in attorney fees to the plaintiffs, H.L. Richey and his wife, Marilyn Richey, and K.F. Young and his wife, Gloria Young, in a dispute over obligations under the transfer of an oil and gas lease. For the following reasons, we reverse the trial court judgment.

FACTS
In June 1984, the plaintiffs assigned to the defendants all their right, title and interest in two oil and gas leases. One of those leases, the W.E. Hall lease, is the subject of the present lawsuit. According to the plaintiffs, the defendants took over the operation of the leases. The defendants then ceased operation of the W.E. Hall lease (lease) and removed equipment from the property, but did not properly plug or abandon the wells on the lease. According to the plaintiffs, the defendants also failed to file necessary documentation with the Louisiana Office of Conservation (Office) to reflect the change in record ownership of the lease to the defendants.
Because H.L. Richey was still the registered owner of the lease, on June 18, 1998, the Office noted that there had been no production from the lease in a number of years. The Office demanded that the wells be plugged and abandoned, equipment be removed, and pits be filled. Failure to comply with the order would subject the plaintiffs to a substantial fine.
The plaintiffs filed the present suit on October 24, 1996, seeking a declaratory judgment that the defendants were the owners of the lease and were responsible for plugging and abandoning the wells. The petition was later amended to allege that the defendants breached their obligation under the assignment of the lease by failing to file a change of ownership with the Office and in failing to restore the lease to its original condition, as near as practicable, including the obligation to plug wells and abandon the lease in accordance with applicable governmental rules and regulations. The plaintiffs sought a judgment ordering the defendants to perform their obligations under the assignment and also sought to recover expenses and attorney fees under the indemnity or hold harmless clause of the assignment agreement.
The defendants answered, claiming that the lease had been nonproductive for more than 60 days prior to June 1984, and therefore the lease had expired before the assignment of rights. According to the defendants, the expiration of the lease operated as a bar to recovery by the plaintiffs from the defendants.
*1267 The plaintiffs filed a motion for partial summary judgment, claiming that the assignment agreement demonstrated that the defendants were obligated to the plaintiffs. The plaintiffs also sought to strike an affidavit by one of the defendants. The trial court partially granted the motion to strike and denied the motion for partial summary judgment on May 22, 2001.
Trial on the merits was held January 10-11, 2002. On March 15, 2002, the trial court signed and filed a judgment, granting declaratory judgment in favor of the plaintiffs and against the defendants. The court found that the lease was in full force and effect at the time of the assignment of rights. The defendants were found to be the owners and operators of the lease and assumed all responsibilities for the lease as of June 6, 1984, as if they had filed the necessary documents with the Louisiana Department of Natural Resources, Office of Conservation.
The court found that the defendants were obligated to restore the lease to its original condition, as near as practicable, including the obligation to plug and abandon all wells, close all existing pits, and clean up all abandoned oil field equipment located on the lease in accordance with applicable rules and regulations. The court also found that, under the terms of the agreement, the defendants were obligated to protect, indemnify, and hold the plaintiffs harmless from any and all losses, liability, fines, penalties, claims, costs, and expenses imposed or which might be imposed with respect to the lease. The court ordered the defendants to pay the plaintiffs $50,000.00 in attorney fees, based upon a finding that attorney fees were recoverable under the indemnification clause of the lease assignment.
The defendants filed a motion for new trial on the issue of attorney fees; the motion was denied by the trial court on April 29, 2002. The defendants then appealed the trial court judgment, limited solely to the issue of attorney fees.

ATTORNEY FEES
On appeal, Jeff A. Moore, Tammy Hancock Moore, T & M Oil Company, and T & M Production (the Moores) are represented by the same attorney who represented all the defendants at trial. The remaining defendants, Vernon Monk and Marcia Pierce Monk Free (the Monks), are represented by separate counsel. All of the defendants assert that the trial court erred in taxing them with attorney fees on the basis of the indemnity provision of the assignment of rights executed in June 1984. They also contend that, because the indemnity provision did not specifically state that it provided for attorney fees, the trial court could not award them.
The Monks additionally assert that this is a case of a breach of contract and not one to enforce an indemnity agreement. They claim that indemnity is the reimbursement to one who has discharged the obligation of another. The Monks urge that under indemnity, the allowance of attorney fees is limited to the defense of the claim indemnified against and that no recovery can be had for attorney fees in establishing the right to indemnity. They contend that the plaintiffs in this case have not sustained a loss. The plaintiffs have not paid damages to a third person for whom they are entitled to be reimbursed or made whole. The Monks contend that because there was no original claimant in this case that the plaintiffs were required to make whole, the indemnity provision is not triggered.
In the alternative, the defendants argue that the amount of attorney fees awarded was excessive. The plaintiffs answered the appeal, seeking additional attorney *1268 fees arising from the motion for new trial and in defense of the appeal.
As a general rule, attorney fees are not allowed except where authorized by statute or contract. Nassif v. Sunrise Homes, Inc., XXXX-XXXX (La.6/29/99), 739 So.2d 183. See also Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327.
In this case, there is no statute allowing the award of attorney fees. The judgment granting attorney fees was based upon the indemnity or hold harmless clause in the lease agreement. That provision is as follows:
Assignee hereby assumes all the obligations and responsibilities of Assignors under the terms of said leases and under the rules, regulations or laws of any government or regulatory agency having jurisdiction and agrees to protect, indemnify and hold Assignors, their agents, employees, heirs and assigns harmless from any and all losses, liabilities, fines, penalties, claims, costs and expenses imposed upon them with respect to the property herein conveyed whether such arose heretofore or whether such arise hereafter.
This provision does not specifically provide for the award of attorney fees in enforcing the indemnity provision. However, the plaintiffs cite the case of Curtis v. Curtis, supra, in support of their position that, under a hold harmless agreement, an obligor is liable for reasonable attorney fees incurred by the obligee, even though the obligatory provision does not specifically authorize attorney fees. The defendants urge that the Louisiana Supreme Court case of Nassif v. Sunrise Homes, Inc., supra, abrogates our holding in Curtis. We find that these cases are distinguishable from each other and from the facts in the case sub judice.
In Curtis, a former husband and wife sought to partition their former community property. In the partition agreement, the parties agreed to indemnify each other for any loss sustained if one party failed to pay a debt assumed under the agreement. One asset of the former community was a farming partnership. The former husband assumed all farming indebtedness. He also received all the assets of the farming interests. The year after the partition, the partnership received a substantial payment attributable to operations for the previous year.
The former husband received all those funds under the terms of the partition. However, the next year, he presented his former wife with a tax form showing that she received a substantial portion of the payment. She then incurred a large federal income tax liability which she was required to pay. She sued under the indemnity agreement to recover for her loss under the indemnity agreement, including attorney fees.
In Curtis, we concluded that, under the specific terms of the indemnity agreement between the parties, the former wife was entitled to recover attorney fees occasioned by the former husband's failure to pay a debt assumed under the partition agreement. We cited South Central Bell Telephone Company v. Gaines Petroleum Company, Inc., 499 So.2d 521 (La.App. 2d Cir.1986), in support of that decision. In South Central Bell, the plaintiff brought suit against the owner and lessee of a service station and the gasoline supplier for damages to underground telephone cables caused by leaking gasoline. The gasoline supplier had an indemnity agreement with the owner of the leaking tank and sought to recover attorney fees under that provision. The indemnity provision provided that the tank owner would hold harmless and defend the supplier against *1269 any and all claims arising out of the storage, handling, or use of the gasoline sold by the supplier. The tank owner also agreed to indemnify the supplier for any costs and expenses the supplier incurred as a result of any such claims.
The court in South Central Bell found that the tank owner had a duty to defend the supplier and that under the indemnity provision, the obligor was liable for reasonable attorney fees incurred by the obligee, even though the obligatory provision did not specifically authorize attorney fees. That holding was based upon Jennings v. Ralston Purina Company, 201 So.2d 168 (La.App. 2d Cir.1967), writ refused, 251 La. 215, 203 So.2d 554 (1967); Lirette v. Union Texas Petroleum Corporation, 467 So.2d 29 (La.App. 1st Cir.1985); and Hobbs v. Teledyne Movible Offshore, Inc., 632 F.2d 1238 (5th Cir.1980). In each of these cases, the entitlement to attorney fees was allowed under the obligation of the duty to defend contained in the indemnity agreement. Although the recovery in Curtis was an extension of these holdings, it was warranted by the specific terms of the agreement between the parties.[1]
In the present case, the defendants contend that our decision in Curtis, to allow recovery for attorney fees incurred, not for defense of a claim by another party, but to enforce the indemnity agreement, has been abrogated by the holding in Nassif v. Sunrise Homes, Inc., supra.
In Nassif, Shirley Nassif bought a house from Sunrise and then sold it to her cousin, the plaintiff. When the foundation began to settle, the plaintiff filed a redhibition suit against Sunrise, the original seller; Coast, the real estate developer that built the house; and Shirley Nassif. Coast filed a third party claim against the engineering firm that designed the foundation of the house for full indemnity for whatever it might have to pay the plaintiff. Judgment was rendered in favor of the plaintiff and against Coast for damages and attorney fees, based upon La. C.C. art. 2545. Judgment was also rendered in favor of Coast and against the engineering firm for the total amount due to the plaintiff, including attorney fees.
The appellate court vacated the award of attorney fees for Coast, finding that there was no statutory or contractual provision allowing for such recovery. This finding was reversed by the Louisiana Supreme Court which found that Coast was entitled to full indemnification from the engineering company, including the amount of attorney fees that Coast was required to pay to the plaintiff.
The supreme court found that the defendant whose liability to a plaintiff for attorney fees results from the actual fault of another, may recover, by way of indemnity, the amount of the attorney fees from the party actually at fault. The supreme court found an implied contract of indemnity between Coast and the engineering firm, shifting the entire loss to the party actually at fault, including the attorney fees that Coast was called upon to pay to the plaintiff. Coast was not seeking to recover the cost of defending the suit against the plaintiff, nor was it seeking attorney fees for its action to recover from the engineering firm.
*1270 To arrive at its holding, the supreme court discussed an Oklahoma case, United General Insurance Company v. Crane Carrier Company, 695 P.2d 1334 (Okla. 1984), which distinguished between an action for attorney fees and an action for indemnity. The supreme court quoted from the Oklahoma case, that a party seeking indemnity could not recover attorney fees expended in litigating a third party action in the absence of a contract for such indemnification.
However, the Oklahoma court went on to hold that the defendant/third-party plaintiff is entitled to recover from the third-party defendant the attorney fees that the plaintiffs recovered from the defendant under the general rules of indemnity that where a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether an express indemnity contract between the parties is in existence or not.
After discussing the Oklahoma case, the Louisiana Supreme Court held that the action for indemnity is a separate substantive cause of action, independent of the underlying wrong, and distinct from an action for attorney fees. The court also concluded that the equitable principles of restitution apply in an action for indemnity to allow a defendant who is only technically or constructively liable for a plaintiff's loss to recover from the party actually at fault the attorney fees it was compelled to pay the plaintiff, even in the absence of a statute or contract of indemnification. The supreme court in Nassif allowed indemnification even without an express indemnification agreement.
The defendants in the present case cite the passage from the Oklahoma case referred to in Nassif to support their argument that in this state, attorney fees for enforcement of an indemnity contract may not be recovered without an express contract for such indemnification. We note that in Nassif, the issue of recovery of attorney fees for litigation of the third party action was not before the court nor was the issue of recovery of fees expended in litigation of the main demand. The sole issue in that case was whether attorney fees paid to a plaintiff could be recovered by a defendant/third-party plaintiff against the party ultimately responsible for the loss, even though there was no express contract of indemnity. In Nassif, there was no discussion of our holding in Curtis.
Both Nassif and Curtis concerned indemnity, whether express or implied. In Nassif, Coast was required to pay a judgment and attorney fees to the plaintiff and sought indemnity from the third party ultimately responsible for the loss. In Curtis, a former wife sought indemnification for all losses caused by her former husband's failure to abide by the terms of the partition agreement. In the present as argued by the Monks, we find that the indemnity provision has not been triggered.
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. Nassif v. Sunrise Homes, Inc., supra.
In the present case, although the Office of Conservation sent a letter to the plaintiffs, as the registered owner of the lease, ordering that the wells be plugged and abandoned or a daily fine would be *1271 imposed, that penalty was never imposed upon the plaintiffs. No losses, liabilities, fines, penalties claims, costs, or expenses were imposed upon the plaintiffs with respect to the property conveyed in the lease assignment. In the present case, the plaintiffs merely sought to require compliance by the defendants with the provisions of the lease assignment to assume the obligations required of the owners of the lease. Although the trial court granted H.L. Richey an award of $750.00 for a letter of credit that he was required to post with the Office, that was not a matter that originally was a liability of the defendants and which they should have assumed under the lease.[2] No liability to a third party was actually incurred. The plaintiffs did not discharge any liability which the defendants rightfully should have assumed. Accordingly, the defendants are correct in arguing that the indemnity provision in the lease assignment is not at issue in this case.
The plaintiffs have filed a declaratory judgment to require the defendants to abide by the terms of the lease agreement. Basically, this is a contract case for specific enforcement of the terms of the agreement. The plaintiffs are not seeking reimbursement for losses occasioned by paying a claim or penalty to a third party. As stated above, generally, attorney fees are not allowed a successful litigant in Louisiana except where authorized by statute or contract. Therefore, because there is no statute authorizing the payment of attorney fees, the terms of the lease agreement govern the recovery of such fees in this case.
In the present case, the plaintiffs were seeking to enforce the terms of the lease assignment, not for indemnity. Therefore, we find that the trial court erred in awarding attorney fees in this case. Our opinion is limited to the facts presently before the court and we make no ruling as to the outcome had this been a suit for indemnity rather than a suit for declaratory judgment to enforce the terms of a contract of lease assignment.

CONCLUSION
For the reasons stated above, we reverse the trial court judgment against the defendants, ordering them to pay attorney fees to the plaintiffs in this matter. Costs of this appeal are assessed to the plaintiffs.
REVERSED.
NOTES
[1] We recognize that Wuertz v. Tobias, 512 So.2d 1209 (La.App. 5th Cir.1987), holds that while it is the general rule of indemnity that an indemnitee may recover from its indemnitor only those costs and expenses incurred in defense of a claim against the principal demand, when specifically provided for by contract attorney fees incurred in establishing the right of indemnity may also be recovered. The basis of that holding requiring a specific provision for attorney fees was based upon federal maritime law. See Morris v. Schlumberger, Ltd., 445 So.2d 1242 (La.App. 3d Cir. 1984), writ denied, 449 So.2d 1345 (La.1984).
[2] We note that in oral reasons for judgment, the trial court stated that it was awarding the plaintiff $1,000.00 for a fine he was required to pay. However, the plaintiff testified that he did not have to pay any fines to the Office and the award was not included in the written judgment which was signed and filed by the trial court.