861 So.2d 669 (2003)
Debra Lynn KINSINGER
v.
TACO TICO, INC., Taco Tico of New Orleans, Inc., American Manufacturers Mutual Insurance Company, McGreevy's Midwest Meat Company, Hartford Insurance Company, Kelly Bean Company and Lumberman's Mutual Casualty Company.
No. 03-CA-622.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 2003.
*670 Al M. Thompson, Jr., Berrigan, Litchfield, Schonekas, Mann, Traina and Thompson, L.L.C., New Orleans, LA, for Defendant/Appellant, Kelly Bean Company.
Maria B. De Gracia, John J. Erny, III, Metairie, LA, for Defendants/Appellees, Midwest Meat Company and Hartford Insurance Company.
*671 Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
This matter stems from an incident in which Debra Kinsinger allegedly chewed on a stone in refried beans purchased at Taco Tico and injured a tooth. Debra Kinsinger filed suit against Taco Tico and others including Kelly Bean Company (Kelly Bean), McGreevy's Midwest Meat Company (McGreevy's), and Hartford Insurance Company (Hartford). McGreevy's filed a cross-claim against Kelly Bean seeking indemnification. This appeal involves the cross-claim filed by McGreevy's against Kelly Bean seeking complete indemnification and defense costs. For the reasons that follow we reverse.

FACTS:
Debra Kinsinger, the original plaintiff, settled all claims against all parties with Taco Tico, Kelly Bean, and McGreevy's each contributing $1,666.66 to the settlement. The only matter unresolved before the trial court was McGreevy's cross claim for defense costs and attorney fees against Kelly Bean. By mutual agreement, the cross-claim was submitted on the record to the trial court. The trial court held that McGreevy's and their insurer, Hartford, were entitled to indemnity pursuant to an agreement between Kelly Bean and McGreevy's. The trial court awarded a judgment in favor of McGreevy's and against Kelly Bean for the amount McGreevy's contributed to the settlement plus an additional $14,199.18 in costs, expenses, and attorney's fees incurred in defending the main demand. Kelly Bean has appealed claiming the trial court erred in awarding attorney's fees and costs, but has not appealed the portion of the judgment awarding indemnity of $1,666.66.
In her suit, Debra Kinsinger alleged that she broke a tooth on a foreign object in the beans that appeared to be a rock. It is undisputed that McGreevey's purchased pinto beans from Kelly Bean and that McGreevey's sold the beans to Taco Tico at the time of this incident. Kelly Bean provided McGreevey's with a guarantee stating:
that all "Prewashed Pinto Beans" will be free of stones and agrees to indemnify said customer against any claims or damages that result from any such stones.

LAW AND DISCUSSION:
This case involves an interpretation of a contract obligation made by Kelly Bean to McGreevy's to indemnify McGreevy's against any claims or damages that result from stones in the beans. The language in an indemnity agreement dictates the obligations of the parties. Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987). Kelly Bean's guarantee to McGreevy's makes no mention of defending or indemnifying the customer for attorney's fees and costs, but simply states that the indemnity is for "any claims or damages that result from any stones." At issue here is whether the attorney's fees and costs of counsel for both cross-claimants, McGreevy's and Hartford, should be considered "claims or damages that result from any stones."
There are no words in the guarantee that specifically require Kelly Bean to defend McGreevy's or pay McGreevy's attorneys fees in the event a claim was made against McGreevy's. This court is required to decide if the trial court committed legal error when it interpreted the indemnification language to include an obligation to pay defense costs.
As a general rule Louisiana law does not permit recovery of attorney's fees *672 in absence of a statutory provision allowing recovery or a contractual agreement by the parties to pay attorneys fees. Richey v. Moore, 36,785 (La.App. 2 Cir. 3/7/03), 840 So.2d 1265.
On appeal, Kelly Bean argues McGreevey's is not entitled to recover attorney's fees and costs because there is no express mention of duty to defend or duty to pay expenses in the contract of indemnity. McGreevey's contends the attorney's fees and costs were incurred as a result of having to defend the main demand and as such are covered by the indemnity agreement.
A number of cases are discussed in both parties' briefs, but none are directly controlling. In Faucheaux v. Prytania Medical Complex Owners Association, 93-2042 (La.App. 4 Cir. 8/17/94), 642 So.2d 242, the Fourth Circuit found there was no duty on the part of the lessee to defend the lessor in a suit for injuries sustained by a patron. Although the lease agreement required the lessee to "indemnify and save harmless Lessor against and from any loss, costs, damages and expenses arising ... out of any accident to or injury to any person or property whomsoever," the court found that lessee had no duty to defend because there was no mention of assuming lessor's defense in the applicable portion of the indemnity agreement. Id. at 244.
In Richey v. Moore, supra the assignors of a lease sought a declaratory judgment seeking attorney fees under the indemnity provision of the lease. The lower court awarded attorney fees based upon an indemnity and hold harmless agreement. That agreement provided:
Assignee hereby assumes all the obligations and responsibilities of Assignors under the terms of said leases and under the rules, regulation or laws of any government or regulatory agency having jurisdiction and agrees to protect, indemnify and hold Assignors, their agents, employees, heirs and assigns harmless from any and all losses, liabilities, fines, penalties, claims, costs and expenses imposed upon them with respect to the property herein conveyed whether such arose heretofore or whether such arise hereafter.
In reversing the award of attorney's fees the appellate court noted that prior decisions only allowed recovery of attorney's fees where the indemnity agreement expressly provided a duty to defend. However, the case is not dispositive of the issue because the Second Circuit found the trial court erred in awarding attorney fees because the suit was for a declaratory judgment seeking interpretation of a lease contract and not contractual indemnification for costs incurred in defending a claim. The court specifically stated that they made no ruling as to the outcome, had this been a suit for indemnity rather than a suit for declaratory judgment, to enforce the terms of a lease agreement.
In Richey v. Moore, supra several Second Circuit decisions are discussed that deal with the issue of obligation to pay for the costs of defense based on contractual language. In Curtis v. Curtis, 28,698 (La. App. 2 Cir. 9/25/96), 680 So.2d 1327, the trial court awarded attorney fees and the Second Circuit affirmed the award of attorney fees based on indemnification language contained in a community partition agreement. The language included an obligation to pay, "any loss ... sustained by virtue of ... failing to pay debts assumed." Id. p. 1332. The plaintiff in that case was awarded attorney fees because the defendant, her ex-husband, failed to pay tax obligations, which the trial court found he was obligated to pay pursuant to the partition agreement. The trial court found that the wife's attorney fees, which were incurred to enforce the obligation to *673 pay the debt, were recoverable pursuant to the partition agreement language.
The Second Circuit in Curtis relied on South Central Bell Telephone Co. v. Gaines Petroleum Co., Inc., 499 So.2d 521 (La.App. 2d Cir.1986) for the proposition that a hold harmless or indemnity provision can include an obligation for reasonable attorney fees, "even though the obligatory provision does not specifically authorize attorney fees." Curtis, supra, at p. 1332.
We agree that an indemnification agreement may impose the obligation to pay reasonable attorney fees in some instances when the obligation to pay attorney fees is not specifically identified in the indemnification agreement, but is implied by inference. However, we hold that in order for the indemnitor to be liable for attorney fees the indemnification language must be sufficient to infer the obligation. In South Central Bell, supra at 525, the indemnification language obligated the defendant to "hold harmless and defend." In Curtis, supra, defendant was obligated to pay for any loss due to his failure to pay debts assumed. The language of both indemnification agreements, in which attorney's fees were awarded, required an obligation beyond the obligation to pay "claims or damages", which is the operative language in the Kelly Bean indemnification agreement.
Appellee relies on Barton Protective Services, Inc. v. Coverx Corporation, et al., 615 So.2d 438 (La.App. 4 Cir.1993) and Kelloch v. S & H Subwater Salvage, Inc., et al., 397 F.Supp. 742 (E.D.La.1973). We find these cases inapplicable as they deal with insurance contracts and the duty to defend imposed pursuant to insurance contracts. Appellees also rely on several federal maritime cases. In Signal Oil and Gas Co. v. The Barge W-701, 79-2791 (5th Cir.9/4/81); 654 F.2d 1164, 1177, cert. denied. (1982) 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656, (a federal maritime case) an obligation to pay attorney fees was imposed based on a guarantee that provided that the indemnitor would:
Indemnify and hold [indemnitee] harmless from and against any and all loss, cost, damage, expense, claims, actions, or liability on account of any and all damage to and loss of or destruction of any property belonging to [indemnitee]... arising out of or in connection with the installation, repair, and maintenance of ... [a] riser in platform A.
The wording of Signal Oil's guarantee is much broader than the Kelly Bean guarantee. Although the Federal Fifth Circuit, in Signal Oil, supra, imposed an obligation for attorney fees, it acknowledged in its opinion that the court was not basing its decision to allow attorney's fees to the indemnitee on any binding authority in its own circuit or in Louisiana jurisprudence. Id. at 1177.
We conclude, based on the limited indemnification language of the Kelly Bean contract, that an obligation to pay attorney fees was not assumed or intended to be included in the indemnity agreement. We rely on the general rule that absent some specific language in the indemnification contract, attorney fees and defense costs are not owed.
For the foregoing reason, the judgment of the trial court is reversed.
REVERSED.