VICTORY, J.,
concurring in part and dissenting in part.
|,I concur in the portion of the majority opinion holding that indemnity is a separate substantive cause of action, independent of the underlying tort, and that prescription on an implied indemnity claim does not commence until a party has sustained a loss, either through payment, settlement, or an enforceable judgment. At 958. In this ease, NOAB has not suffered any loss because it has not been cast in judgment, thus any indemnity claim it may have has not prescribed.
However, I dissent from the portion of the majority opinion which seemingly concludes that if NOAB is cast in judgment for damages against the plaintiffs, then NOAB automatically has an implied indemnity claim. While our courts have applied the concept of implied indemnity in construction cases, see Bewley Furniture Co., Inc. v. Maryland Cas. Co., 285 So.2d 216 (La.1973), before implied indemnity can be applied, certain requirements must be met. As former Justice Marcus explained in Nassif v. Sunrise Homes, Inc., 98-3193 (La.6/29/99), 739 So.2d 183:
An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. Thus, because the party ■ seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity.
See also Bewley Furniture, supra (“This indemnity, or recovery over, has been Jjallowed a contractor from his subcontractor and/or supplier, so long as the exclusive fault producing liability has been that of such subcontractor and/or supplier.”)
In this case, the plaintiffs alleged the direct negligence of NOAB in contracting with ETI to perform the work and the direct negligence of ETI is performing shoddy work. Thus, the issue to be determined as far as indemnity is concerned is whether NOAB is independently liable to plaintiffs, in which case indemnity cannot apply, or whether, in spite of this claim, NOAB is found to be only constructively or derivatively liable to plaintiffs, in which case indemnity can apply. This issue cannot be determined until after trial and if NOAB is found to be independently liable to plaintiffs, then it has no claim for indemnity and its third party demand will have prescribed.