GRAVOIS, J.,
concurs with reasons.
|, For the following reasons, I respectfully concur with the majority opinion herein.

ENTERGY’S APPEAL AGAINST LANDAVERDE, STEWART AND WOODWARD

The majority opinion herein upholds the dismissal of Entergy’s claims against Landaverde, Stewart, and Woodward “on account of our own motion of no cause of action on the basis of prematurity”, then vacates the portion of the trial court’s ruling dismissing Entergy’s claims with prejudice, and amends the dismissal of Enter-gy’s claims to be without prejudice, in order to allow an indemnity claim to be raised by Entergy in the event it is allocated fault.
The motions and cross-motions for summary judgment were in the nature of declaratory actions, i.e., they sought to define the parties’ rights and obligations under the OPLSA in the event Entergy is cast in liability to Moreno, which has yet to be determined. See Faucheaux v. Prytania Medical Complex Owners Ass’n, 93-2042 (La.App. 4 Cir. 8/17/94), 642 So.2d 242, 245, where that court vacated portions of two summary judgments granted in favor of a third-party plaintiff on its indemnification claim against a third-party defendant, finding that decision on the |2issue was premature. As in Faucheaux, no fault determination has been made herein, nor have any damages been awarded relative to any party at this point in the case. Entergy’s liability to Moreno is a contingency that has not yet arisen and may not arise.
After thoroughly considering the procedural posture of this case, rather than dismissing Entergy’s claims without prejudice, I would simply .vacate the trial court’s rulings on Entergy’s motions for summary judgment as premature and remand for further proceedings, allowing Entergy to re-urge its motions at such time as the matters asserted therein are ripe for determination.

STEWART’S APPEAL AGAINST LAND-AVERDE AND WESTERN WORLD

The next judgment on appeal is the granting of motions for summary judgment filed by and in favor of Landaverde and its liability insurer Western World, dismissing the cross-claim and third party demand filed by Stewart against Landa-verde and Western World, respectively. The majority opinion herein upholds the dismissal of Stewart’s claims against Land-averde and Western World “on account of our own motion of no cause of action on the basis of prematurity”, then vacates the portion of the trial court’s ruling dismissing Stewart’s claims with prejudice, and amends the dismissal of Stewart’s claims to be without prejudice, in order to allow an indemnity claim to be raised by Stewart against Landaverde and/or Western World in the event it is allocated fault.
In its brief, Stewart frames the issues as follows:
1. If at trial, Entergy obtains an indemnity judgment against Stewart Interior Contractors, LLC pursuant to Louisiana’s Overhead Power Line Safety Act (OPLSA), R.S. 45:141, et seq., may Stewart Interior Contrae- *425 tors, LLC seek indemnity from Landaverde Construction, LLC pursuant to the “contractual indemnity clause” in the Temporary Labor Contract between Stewart Interior ^Contractors, LLC and Landaverde Construction, LLC because it was Landaverde Construction, LLC’s employee’s who caused the damages to plaintiff.
2. Whether Western World Insurance Company’s general liability policy insuring Landaverde Construction, LLC provides coverage for negligent acts committed by Landa-verde Construction, LLC employees because the “Temporary Labor Contact” between its insured, Landaverde, and Stewart Interior Contractors, LLC is an “insured contract” under the terms of the Western World Insurance Policy.
Accordingly, Stewart is appealing in an abundance of caution should this court find that it owes Entergy indemnity under the OPLSA. Because the other judgments regarding the application of the OPLSA in this case have been found to be premature, I agree with the majority opinion herein that this judgment in favor of Landaverde and Western World against Stewart, too, is premature. Rather than dismissing Stewart’s claims without prejudice, however, I would simply vacate the ruling on Landa-verde’s and Western World’s motions for summary judgment and remand for further proceedings, allowing the parties to re-urge their motions at such time as the matters asserted therein are ripe for determination.

WOODWARD’S APPEAL AGAINST WESTERN WORLD AND LANDA-VERDE

The majority opinion herein similarly dismisses Woodward’s claims against Landaverde and Western World as premature and amends that dismissal to be without prejudice.
Woodward’s cross-claim against Landa-verde seeks indemnification from Landa-verde, pursuant to the indemnification clause of the Temporary Labor Contract between Stewart and Landaverde, in the event Woodward is found liable to Entergy under the OPLSA. Because Woodward’s contingent liability to Entergy has yet to be determined, I agree with the majority opinion herein that the trial court’s ruling on Landaverde’s motion for summary judgment against Woodward |4is premature. Rather than dismissing the motion without prejudice, however, I would simply vacate the ruling on Landaverde’s motion for summary judgment against Woodward and remand for further proceedings, allowing the parties to re-urge their motions at such time as the matters asserted therein are ripe for determination.
Western World argues on appeal that the basis for its motion for summary judgment against Woodward was the “employer’s liability” exclusion contained in the commercial general liability (“CGL”) policy issued to Landaverde, which precluded coverage for bodily injury to an employee of the insured.[1] Western World points out that the damages sought in this case are for bodily injury to Moreno, an employee of the insured Landaverde. Western World further notes that Woodward’s appellate brief does not address the “employer’s liability” exclusion, which was the ba *426 sis for its motion against Woodward, nor does it attempt to address any provision of or coverage provided by the policy. What Woodward did in the trial court, and does on appeal, is attempt to cast the damages sought in this case (plaintiff Moreno’s damages) as damages to itself (its contingent liability to Entergy under the OPL-SA, and/or Woodward’s own costs of defense in this suit), a position that the trial court rejected.
Because Western World’s liability to Woodward has yet to be determined, I agree with the majority opinion herein that the trial court’s ruling on Western World’s motion for summary judgment against Woodward is also premature. Rather than dismissing Woodward’s claims against Western World without prejudice, however, I would simply vacate the ruling on Western World’s motion for summary judgment against Woodward and remand for further proceedings, fallowing Western World to re-urge its motion at such time as the matters asserted therein are ripe for determination.

. The policy in question precludes coverage to an employee of the insured "which arose out of and in the course of employment by the insured, and any obligation to share damages with or repay someone else who must pay damages because of the injury.” (Emphasis added.)