EDWIN A. LOMBARD, Judge.
 

 11 This appeal filed by Edifice Construction Company (“the appellant-contractor”), is from summary judgment granted in favor of third-party defendant, Royal Commercial Construction, Inc. (“the appellee-subcontractor”), dismissing the appellant’s Third-Party Demand. After
 
 de novo
 
 review, we affirm the judgment of the trial court.
 

 Relevant Facts and Procedural History
 

 On March 11, 2002, Paragon Lofts Condominium Association, Inc. (“the condo association”) filed suit against the developers of the condominium project (The Paragon Lofts, LLC and Ekistics, Inc.) and the appellant-contractor (the general contractor of the condominium project), as well as the The Roof Doctors, Inc., and Minerits, Inc., for breach of warranty, redhibition, and negligence based on alleged structural defects affecting the roof and exterior walls of the condominiums. In turn, the appellant-contractor filed a Third-Party Demand on November 4, 2005, against the appellee-subcontractor, as well as some product manufacturers and distributors. On motion for summary judgment, the trial court dismissed the appellee-subcontractor as a third-party defendant and that dismissal is now before this court on appeal.
 

 |
 
 ¿Law and Discussion
 

 A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant.
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363 p. 3 (La.11/29/06), 950 So.2d 544, 546;
 
 see also
 
 La.Code Civ. Proc. art. 966. A summary judgment is reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate;
 
 i.e.
 
 whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.
 
 Wright v. Louisiana Power & Light,
 
 06-1181, p. 17 (La.3/9/07), 951 So.2d 1058, 1070.
 

 The pertinent parameters of a motion for summary judgment are as follows: A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B) As amended in 1996, this article specifically provides that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.” La.Code Civ. Proc. art. 966(A)(2). Further, the legislature enacted La.Code Civ. Proc. art. 966(C)(2) which further clarifies the burden of proof in summary judgment proceedings as follows
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential ele
 
 *755
 
 ments of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. | ¡¡Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 This amendment, which closely parallels the language of
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (generally, as in this case, a defendant), who ordinarily meets that burden by submitting affidavits or by pointing out the lack of factual support for an essential element of the opponent’s case. At that point, the party who bears the burden of persuasion at trial (generally, as in this case, the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates an ability to meet that burden at trial. Accordingly, once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Wright,
 
 06-1181 at p. 16, 951 So.2d at 1069-70 (citations omitted).
 

 The motion for summary judgment at issue here arose in the context of a third-party demand for indemnity. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law.
 
 Nassif v. Sunrise Homes, Inc.,
 
 98-3193 p. 3 (La.6/29/99), 739 So.2d 183, 185 (citation omitted). In Louisiana, a party not actually at fault whose liability results from the fault of others may recover in the absence of an express contract provision, as in the case of a contractor recovering from his subcontractor, but only if the exclusive fault producing the liability is that of the subcontractor.
 
 Nassif,
 
 98-3193 at p. 4, 739 So.2d at 186.
 

 l4In this case, no written contract has been produced and, thus, it is undisputed that there is no express indemnity obligation at issue. It is also undisputed that the appellant-contractor purchased the materials used by the appellee-subcon-tractor and supervised all of the appellee-subcontractor’s work. Specifically, the appellant-contractor supplied the Minerit board and associated fasteners, the rubber gasket sealing strips used around the Min-erit board panels, and the wood battens used to attach the Mineret boards to the penthouse walls. The appellant-contractor instructed the appellee-subcontractor as to the installation of the Mineret panels, the rubber sealing gaskets, and other associated items in the installation. Moreover, the appellee-subcontractor acted as directed by the appellant-contractor and had no role in its decisions to deviate from the plans which required installation of felt behind the Minerit board, to substitute gypsum for plywood to sheath the exterior of the penthouse, and not to seal the gypsum in any manner to prevent water from penetrating. Because an implied contract of indemnity arises only when the person or entity seeking indemnification bears no fault producing liability, there is no genuine issue of material fact, and the appellee-subcontractor is entitled to judgment as a matter of law.
 

 Conclusion
 

 After
 
 de novo
 
 review, we affirm the judgment of the trial court.
 

 AFFIRMED.