ROLAND L. BELSOME, Judge.
|, Third Party Plaintiff, Pendleton Memorial Methodist Hospital (“Methodist”) appeals the trial court’s finding that the Third Party Defendant, HealthSouth Corporation (“HealthSouth”) does not owe a duty to defend Methodist.

STATEMENT OF THE CASE

Plaintiff, Sheila Robin, filed suit alleging Jason Wong (‘Wong”), a physical therapist, caused injury to her shoulder during a therapy session on July 22, 1998. Sheila also named Methodist as a defendant, alleging Methodist employed Wong in Methodist’s physical and occupational therapy unit.
Initially, Methodist contracted with HealthFocus, Inc. (“HealthFocus”) to provide physical and occupational therapies at Methodist. The contract, dated June 8, 1993 (“Contract”) provided that the “Contractor (HealthFocus) shall hold the Hospital (Methodist) harmless for any claims, loss or damage which the Hospital may suffer as a result of any act of contractor or its agents or employees”. The Contract allowed for assignments. HealthFocus assigned its rights to Mariner Post-Acute Network, Inc. (Mariner), which continued to operate the physical and occupational therapy unit through its subsidiary, Reliability, under the 1993 Contract.
| aAt the time of Plaintiffs injury, Reliability employed Wong as a therapist. Mariner/Rehability undertook Methodist’s defense in the instant case pursuant to the Contract. Eventually, HealthSouth Corporation (“HealthSouth”) acquired the assets of Mariner/Rehability. Mariner/Reh-ability continued to provide the defense in the instant case, along with two others, after the sale. Methodist consented to this assignment in writing (“Consent to Assignment”). The Consent to Assignment stipulated, “The undersigned will accept performance by HEALTHSOUTH or one of its wholly owned subsidiaries of all the obligations and rights of Rehability Hospital Services, Inc.” Thereafter, Mariner/Rehability filed bankruptcy prior to the resolution of the instant case and notified Methodist it could no longer continue defending any of the pending cases.
In response, Methodist tendered defense of the outstanding cases to HealthSouth pursuant to the terms of the Contract and Consent to Assignment. HealthSouth refused Methodist’s tender of defense, resulting in Methodist filing a third party demand. Methodist and HealthSouth filed cross motions for summary judgment. Methodist claimed in its motion for summary judgment that HealthSouth owed both a defense and indemnity to Methodist pursuant to the Contract and Consent to Assignment. HealthSouth contended in its motion for summary judgment that it had no duty to defend or indemnify Methodist for acts occurring prior to its asset purchase from Mariner. The trial court granted Methodist’s motion in part, and denied HealthSouth’s motion in part, finding HealthSouth owed a duty of indemnity in the instant case. The trial court denied Methodist’s motion in part and granted HealthSouth’s motion in part, finding HealthSouth did not owe a duty to defend in the instant case. The trial court found |sno just reason for delay and certified the judgment as a final judgment for immediate appeal, pursuant to La. C.C.P. art. 1915(B)(1).
Methodist appealed, contending the trial court erred in granting HealthSouth’s mo *388 tion for summary judgment in part, finding HealthSouth owed no duty to defend in the instant case.[1]

STANDARD OF REVIEW

Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of 'material fact and whether the mover is entitled to judgment as a matter of law. Champagne v. Ward, 2003-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. In the case sub judice, the parties contest the interpretation of a contract provision, not any material facts. The interpretation of contract provisions is typically a matter of law that properly may be decided on motion for summary judgment. Kops v. Lee, 2003-1407, p. 5 (La.App. 4 Cir. 3/31/04), 871 So.2d 1187, 1191, citing Bolton v. Tulane University of Louisiana, 96-1246 (La.App. 4 Cir. 1/29/97), 692 So.2d 1113; Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031.

DISCUSSION

The issue presented is whether the language “any claims, loss or damage” embraces costs of defense, including attorney’s fees. As a general rule, attorney’s fees are not allowed except where authorized by statute or contract. Nassif v. Sunrise Homes, Inc., 1998-3193, p. 2 (La.6/29/99), 739 So.2d 183, 184, citing Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386, 390 (1970). | ¿Further, indemnity agreements are strictly construed and the party seeking to enforce such an agreement bears the burden of proof. McGill v. Cochran-Sysco Foods, 35,898, p. 6 (La.App. 2 Cir. 5/8/02), 818 So.2d 301, 306.
Methodist cited Burns v. McDermott, Inc., 95-0195 (La.App. 1 Cir. 11/9/95), 665 So.2d 76 and Curtis v. Curtis, 28,698 (La. App. 2 Cir. 9/25/96), 680 So.2d 1327 in support of its argument that attorney’s fees are recoverable pursuant to an indemnity provision absent specific language.
In Burns, the indemnity provision contained the following language: “Subcontractor shall protect, defend, indemnify and hold harmless McDermott”. The contract at issue therein further stated that “Subcontractor shall be obligated to bear the expense of the investigations and defenses of all claims or demands”. As the language in the contract specifically provided for indemnification for costs of defenses, the court concluded attorney’s fees would be a cost of defense. Burns, 95-0195, 665 So.2d at 79-80.
In Curtis, the parties entered into a community property settlement which obligated each party to assume debt and which further provided that either party would have the “unrestricted right to demand of the other indemnification for any loss” sustained by the other’s failure to pay. The court found the clause constituted a “hold harmless” agreement and that an obligor under such agreements is liable for reasonable attorney’s fees. Curtis, 28,-698, 680 So.2d at 1332. More specifically the court found that the word “loss” in a hold harmless or indemnity agreement includes attorney’s fees. Id.
In Faucheaux v. Prytania Medical Complex Owners Ass’n., 93-2042 (La.App. 4 Cir. 8/17/94), 642 So.2d 242, 243, this Court found the language “indemnify and *389 save harmless ... against and from any loss, costs, damages, and |5expenses” did not encompass a duty to defend. This language is strikingly similar to the language at issue in this case. The Contract in this instance provides that the Contractor, or HealthSouth, “shall hold the Hospital (Methodist) harmless for any claims, loss or damage which the Hospital may suffer as a result of any act of contractor or its agents or employees”.
Although the Curtis’ court’s reasoning that the word “loss” encompasses attorney’s fees is logical, this Court recognizes Faucheaux as controlling. Thus, this Court reads the indemnification clause at issue to exclude a duty to defend.
Methodist also argues that because HealthSouth tendered a defense in cases arising after its assignment of the Contract, the intent of the parties to include a duty to defend in the indemnification clause was established. La. C.C. art. 2053 provides that a doubtful provision must be interpreted in light of conduct of the parties before and after the formation of the contract. However, as the movant and the party seeking to enforce the agreement, Methodist retained the burden of proof. La. C.C.P. art. 966(C)(2); McGill, 35,898, p. 6, 818 So.2d at 306. Methodist provided no factual support for its assertion that HealthSouth tendered a defense in any case, whether arising before or after its purchase of Mariner.
As a court of record, this Court must limit its review to that which is in the record before us. Ventura v. Rubio, 2000-0682, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885. In reviewing the record before us, we find no evidence of Health-South’s tendering a defense before or after the assignment of the Contract. Hence, this Court must find no duty to defend on the part of HealthSouth.

\ CONCLUSION

Accordingly, for the reasons stated herein, the judgment of the trial court denying Methodist’s motion in part and granting HealthSouth’s motion in part, finding HealthSouth did not owe a duty to defend in the instant case, is affirmed.
AFFIRMED.

. HealthSouth neglected to appeal or file an answer relative to the finding of the trial court that HealthSouth owed a duty to indemnify. Hence, this Court will not consider that issue. La. C.C.P. art. 2133; Saacks v. Mohawk Carpet Corp., 2003-0386, p. 25 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 375.