DENNIS R. BAGNERIS, SR., Judge.
|!Appellant, Southern Scrap Material Co., LLC (Southern Scrap), appeals the trial court’s judgment of September 12, 2011 that granted the motion for summary judgment of appellee, Labor Ready, Inc. (Labor Ready). The judgment finds that Labor Ready does not owe Southern Scrap defense and/or indemnity, and thereby, dismissed Southern Scrap’s cross-claim against Labor Ready with prejudice. Because we determine that the terms of the indemnification agreement between Labor Ready and Resource Recycling, LLC (Resource Recycling) did not impose an obligation on Labor Ready to defend and/or indemnify Southern Scrap based on the claims arising out of the accident facts, we affirm the judgment.
FACTS AND PROCEDURAL BACKGROUND
Plaintiff, David Hall, filed the underlying tort suit against Clarence Scott Malone d/b/a Malone Electric, Southern Scrap, and its employee, Juan Judy, in connection with injuries he sustained in an automobile accident that happened on December 22, 2007. Labor Ready, a temporary employment agency, assigned its employee, Mr. Hall, to work for Southern Scrap. At the time of the accident, Mr. |2Hall was a guest passenger in an automobile that was owned by Southern Scrap and driven by its employee, Juan Judy. The Southern Scrap vehicle collided with the vehicle being driven by Clarence Scott Malone. The accident happened on Southern Scrap’s property.
Mr. Hall’s petition alleged that the cause of the collision was the negligence of Mr. Malone. The petition based the liability of *595 Southern Scrap on the legal and/or contractual relationships between the parties, including the doctrine of respondeat supe-' nor.[1] In response, Mr. Malone filed a third party demand against Juan Judy and Southern Scrap. He argued that Judy caused the accident and called for Southern Scrap to defend and indemnify him pursuant to an indemnification agreement between Mr. Malone and Southern Scrap.
Southern Scrap answered by filing a cross-claim and third-party demand against Labor Ready and its insurer, National Union Fire Insurance Company of PA.[2] Southern Scrap sought defense and indemnity against Labor Ready under the terms of a 1997 Temporary Personnel Supply Agreement (Agreement) between Labor Ready and the Florida office of Resource Recycling. In that Agreement, [ sLabor Ready contracted to supply temporary labor to Resource Recycling. Labor Ready also agreed to defend, hold harmless and indemnify Resource Recycling and its Affiliates. The obligation to defend and indemnify resulted from claims arising out of 1) Labor Ready’s breach of the Agreement; 2) from acts or failures to act by Labor Ready or its employees in the performance of the Agreement; or 3) from the work to be performed by Labor Ready. Southern Scrap contended it was entitled to indemnification as an affiliate of Resource Recycling.
Labor Ready moved for summary judgment on Southern Scrap’s claims for contractual defense and indemnity. It maintained that the 1997 Agreement did not govern Labor Ready’s supplying plaintiff to Southern Scrap as a temporary employee in 2007 and did not inure to the benefit of Southern Scrap. Instead, Labor Ready urged that Work Ticket contracts completed and executed between Labor Ready and Southern Scrap on the date of plaintiffs accident governed the parties’ contractual obligations. These Work Ticket contracts allegedly required Southern Scrap to defend and indemnify Labor Ready. Regardless, Labor Ready argued that the 1997 Agreement did not obligate it to defend or indemnify Southern Scrap against any contractual obligations Southern Scrap owed to Defendant Malone or from the allegations raised in plaintiffs petition.
Southern Scrap countered with an affidavit from David Farnsworth, a representative of Southern Resource Recycling, *596 LLC, the parent company of Resource Recycling and Southern Scrap. His affidavit represented that the only executed contract in place between Labor Ready and any entity owned by Southern |4Resource was the 1997 Agreement between Labor Ready and Resource Recycling. Hence, Southern Scrap claimed that the 1997 Agreement was the operating agreement between Labor Ready and Southern Scrap at the time of the accident.
The trial court orally granted Labor Ready’s motion for two reasons:
1) “[T]he contract doesn’t apply because the contract is between the Labor Ready and Resource Recycling for work performed by Labor Ready supplying work to Resource Recycling. And that Southern Scrap is not by the language of that agreement an affiliate of Resource Recycling.”
2) “[E]ven if they were an indemnification agreement that it would be inapplicable because Labor Ready’s contract worker is in no way negligent. And so, I don’t think Southern Scrap can seek indemnification for its own alleged negligence.”
The trial court also denied Southern Scrap’s Motion for New Trial. This appeal followed.
STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Under La. C.C.P. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Dore v. Brignac, 2000-1719, p. 3 (La.App. 4 Cir. 6/20/01), 791 So.2d 736, 738.
An indemnity agreement is a specialized form of contract. Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987). The interpretation of contract provisions is typically a matter of law that properly may be decided on motion for summary | ¿judgment. Robin v. Wong, 2007-0547, p. 3 (La.App. 4 Cir. 10/24/07), 971 So.2d 386, 388.
DISCUSSION
In its assignments of error, Southern Scrap argues that the trial erred because Labor Ready presented no evidence in response to Southern Scrap’s affidavit that the 1997 Agreement was the only agreement in force and effect between the parties. Therefore, it claims entitlement to defense and indemnification as an affiliate of Resource Recycling. Southern Scrap also alleges that summary judgment was not appropriate because material facts are in dispute as to whether the 1997 Agreement applied to Labor Ready’s staffing of the plaintiff to Southern Scrap and to Labor Ready’s contractual obligation to name Southern Scrap as an additional insured as required by the 1997 Agreement. However, we need not consider Southern Scrap’s claims that it is entitled to defense and indemnity as an affiliate of Resource Recycling under the 1997 Agreement or as an additional insured. We find that the language of the Agreement does not require indemnification based on the allegations raised in plaintiffs underlying lawsuit, Defendant Malone’s third party demand or Southern Scrap’s cross-claim.
Labor Ready agreed in the 1997 Agreement to:
defend, hold harmless and unconditionally indemnify (Resource Recycling), and all of its Affiliates (defined below), and all of their respective members, officers, directors, and employees, against and *597 for all liabilities, costs, expenses, (including attorneys’ fees and expense of investigation), claims and damages which [Resource Recycling] or any of them may suffer or sustain or become liable for by reason of any accidents, damages, or injuries (including injuries resulting in death) either to the persons or property or both, of [Labor Ready] or [Resource Recycling], or employees of either party, or to other parties, in any matter caused by or resulting from [Labor Ready’s] breach of this Agreement or acts or failures to act by [Labor Ready] or its employees or agents in the performance of this Agreement, or in any manner arising from the work to be performed | fiby [Labor Ready].
The 1997 Agreement required Labor Ready to defend and indemnify Resource Recycling and its Affiliates against actions that resulted in liability caused by three conditions. These included: 1) Labor Ready’s breach of contract; 2) for acts or failure to act in the performance of the Agreement by Labor Ready or its employees; or 3) from claims in any manner arising from the work to be performed by Labor Ready. We conclude that none of the conditions that trigger defense or indemnification is met in the present matter.
Southern Scrap makes no claim that its demand for indemnification results from Labor Ready’s breach of the 1997 Agreement or from Labor Ready’s acts or failure to act in the performance of the Agreement. Southern Scrap does argue, however, that summary judgment relief was inappropriate because facts are in dispute as to whether the 1997 Agreement applied to Labor Ready’s staffing of Plaintiff Hall to Southern Scrap. It contends that the 1997 Agreement contemplates a duty to defend and/or indemnify in a case, such as this, “where a temporary worker was dispatched to a company and injured on the premises of that company while performing work under the Agreement.” It represents that there is no requirement of negligent acts or that any other legal liability needs to be proven in order to trigger Labor Ready’s indemnification obligations. This argument suggests that indemnification is required merely because Labor Ready supplied the plaintiff to Southern Scrap as a temporary employee. However, based on this court’s review of the 1997 Agreement, we reject Southern Scrap’s expansive interpretation of Labor Ready’s duty to defend and indemnify.
As acknowledged by Southern Scrap, the underlying facts that gave rise to this litigation did not result from any negligence on the part of Plaintiff Hall, Labor 17Ready’s employee. Contrary to Southern Scrap’s assertion, we find no eonnexity between the plaintiffs accident and the performance of his work under the Agreement that would impose on Labor Ready an obligation to defend and indemnify. In the event we accepted Southern Scrap’s broad interpretation of Labor Ready’s obligation to defend and indemnify, then, there would not have been any need for the contracting parties to place any conditions on Labor Ready’s duty to defend and indemnify.
This Court opined in Bartlett Const. Co., Inc. v. St. Bernard, Parish Council that:
In interpreting contracts, we are guided by the general rules contained in articles 2045-2057 of the Louisiana Civil Code. The cardinal rule is set forth in La. Civ.Code art. 2045, which states that the interpretation of a contract is the determination of the common intent of the parties. To ascertain the parties’ intent, the court must first look to the words and provisions of the contract. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183. When the words of the contract are clear and explicit and lead *598 to no absurd consequences, no further interpretations may be made in search of the parties’ intent. La. Civ. Code art. 2046.
99-1186, p. 5 (La.App. 4 Cir. 5/31/00), 763 So.2d 94, 98. Established caselaw also provides that the language in the indemnity agreement dictates the obligations of the parties. Klutz v. New Orleans Public Facility Management, Inc., 2005-0327, p. 4 (La.App. 4 Cir. 12/21/05), 921 So.2d 1021, 1023, citing Kinsinger v. Taco Tico, Inc., 03-622, p. 1 (La.App. 5 Cir. 11/12/03), 861 So.2d 669, 671.
In the present matter, the language in the 1997 Agreement expressed a clear intent by the parties to place conditions on Labor Ready’s obligation to defend and indemnify. Southern Scrap’s position would essentially require Labor Ready to defend and indemnify Resource Recycling and its Affiliates against all claims resulting from the placement of its employees with Resource Recycling. This | ¡Interpretation flies against the clear language of the Agreement. To conclude otherwise would render the conditions placed on the duty to defend and indemnify within the Agreement meaningless.
Moreover, indemnity agreements are strictly construed and the party seeking to enforce such an agreement bears the burden of proof. Robin v. Wong, 2007-0547, p. 4 (La.App. 4 Cir. 10/24/07), 971 So.2d 386, 388. Southern Scrap seeks to enforce the indemnity agreement between Labor Ready and Resource Recycling. However, it does not assert facts to prove that any of the claims arising out of the underlying circumstances of Plaintiff Hall’s accident meet the conditions that would obligate Labor Ready to defend and indemnify under the 1997 Agreement. Simply put, Southern Scrap’s demand for defense and indemnification does not arise from Labor Ready’s breach of the 1997 Agreement, acts or failure to act in the performance of the Agreement or arise from work to be performed by Labor Ready.
For these reasons, we affirm the trial court’s judgment that granted summary judgment in favor of Labor Ready.
AFFIRMED

. The trial court granted Southern Scrap's motion for summary judgment and dismissed with prejudice Mr. Hall's petition for damages against Southern Scrap. The court determined that Hall was a borrowed employee of Southern Scrap. Accordingly, his exclusive remedy against Southern Scrap was based in workers’ compensation.

. Southern Scrap's third-party demand against National Union alleged that it was an additional insured of National Union under its policy with Labor Ready. The trial court granted Southern Scrap’s motion for summary judgment on its claim that it was an additional insured under National Union's business automobile policy and commercial general liability policy issued to Labor Ready. National Union sought supervisory writ review before this court. In David Hall v. Clarence Scott Malone, et. al, 2012-C-0031 (La.App. 4 Cir. 6/20/12), this Court found no error in the trial court’s judgment that Southern Scrap was an additional insured under National Union’s business auto policy. However, we found that the trial court erred in ruling Southern Scrap an additional insured under National Union's comprehensive general liability policy. The CGL policy only afforded additional insured status with respect to liability arising out of Labor Ready’s operations or premises owned or rented to Labor Ready. Thus, we determined that Southern Scrap was not an additional insured because the accident that forms the basis of this litigation did not arise out of Labor Ready's operations and did not occur on property owned or rented by Labor Ready.