NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-466

KEVIN C. CURREY

VERSUS

EXCELL CRANE & HYDRAULICS,
INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20084468
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Robert. R. Johnston, T.A.
Lawrence R. DeMarcay, III
Fowler, Rodriguez, Valdes-Fauli, LLP
400 Poydras Street, 30th Floor, Suite 300
New Orleans, LA 70130
    COUNSEL FOR DEFENDANTS- DEFENDANTS IN CROSS CLAIM-
    APPELLANTS:
    Hercules Offshore, Inc. and The Hercules Offshore Drilling Company,
    L.L.C.
Susan Earnest
The Law Office of Susan Earnest, P.L.C.
2450 Louisiana, Suite 400-519
Houston, TX 77006

**COUNSEL FOR PLAINTIFF:**
Kevin C. Currey

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Russ M. Brudner
Laminack, Pirtle & Martines, L.L.P.
5020 Montrose Boulevard, 9th Floor
Houston, TX 77006
**COUNSEL FOR PLAINTIFF:**
Kevin C. Currey

J. E. McElligott, Jr.
Kevin M. Dills
Robert D. Felder
Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards
P.O. Box 2908
Lafayette, LA 70502-2908
**COUNSEL FOR DEFENDANT-PLAINITFF IN CROSS CLAIM-
APPELLEE:**
Excell Crane & Hydraulics, Inc.

Jennifer E. Michel
Tabitha R. Durbin
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
100 East Vermilion Street, Suite 300
Lafayette, LA 70501
**COUNSEL FOR DEFENDANTS-DEFENDANTS IN CROSS CLAIM-
APPELLANTS:**
Hercules Offshore, Inc. and The Hercules Offshore Drilling Company,
L.L.C.

Frank A. Piccolo
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA 70130
**COUNSEL FOR DEFENDANTS- DEFENDANTS IN CROSS CLAIM-
APPELLANTS:**
Hercules Offshore, Inc. and The Hercules Offshore Drilling Company,
L.L.C.

**PAINTER, Judge.**

The trial court granted summary judgment in favor of Plaintiff in Cross Claim, Excell Crane & Hydraulics, Inc. (Excell), recognizing that Defendant in Cross Claim, Hercules Offshore, Inc. (Hercules), was required to defend and indemnify Excell with respect to a lawsuit filed by one of Hercules' employees and ordered Hercules to pay $126,024.51 plus legal interest from the date of judicial demand to Excell. We affirm.

## FACTS AND PROCEDURAL HISTORY

Kevin C. Currey (Currey) allegedly suffered serious personal injuries in the course and scope of his employment with Hercules on an oil drilling platform in the Gulf of Mexico when an elevator in which he was a passenger fell. He alleged that Excell negligently inspected, maintained, repaired, and certified that the elevator in question was safe for operation. Hercules ultimately reached a settlement agreement with Currey. Prior to the settlement, Excell filed a motion for summary judgment seeking a ruling that Hercules was required to defend and indemnify Excell under the Master Service Agreement (MSA) relating to the elevator in question and entered into by Excell and Hercules on March 25, 2002. Hercules filed a cross motion for summary judgment seeking a ruling that the indemnity obligation was not triggered because the amount of insurance coverage Excell was required to obtain had not been exhausted. The trial court agreed with Excell, and Hercules filed a writ application with this court. The writ application was denied in an unpublished opinion rendered November 4, 2011, finding that an ordinary appeal after complete and final adjudication would afford Hercules adequate relief. *Currey v. Excell Crane & Hydraulics, Inc.,* 11-905 (La.App. 3 Cir. 11/4/11). Hercules paid the settlement, and a judgment of dismissal of all of Currey's claims, but reserving the rights of Hercules and Excell against each other,

was entered. Excell then filed a motion for summary judgment concerning its claim for reimbursement of defense costs. This motion was granted by the trial court, and Hercules was ordered to pay $126,024.51 plus legal interest from the date of judicial demand. However, insofar as the motion sought reimbursement for defense costs incurred in pursuing the indemnity claim, it was denied. Hercules appeals. For the reasons that follow, we affirm the trial court's rulings.

## DISCUSSION

"The interpretation of a contract's provisions is typically a matter of law that properly may be decided on motion for summary judgment." *Iteld v. Four Corners Const., L.P.*, 12-1504, p. 6 (La.App. 4 Cir. 6/5/13), ___ So.3d ___, ___ (citing *Hall v. Malone*, 12-264 (La.App. 4 Cir. 11/7/12), 104 So.3d 593). With respect to the standard of review, "[w]hen addressing legal issues, a reviewing court gives no special weight to the findings of the trial court. It conducts a de novo review of questions of law and renders a judgment on the record." *Huston v. City of New Orleans*, 12-1171 (La.App. 4 Cir. 2/27/13), ___ So.3d ___, ___, *writ denied*, 13-695 (La. 5/17/13), 118 So.3d 381, quoting *Campbell v. Markel Amer. Ins. Co.*, 00-1448, p. 5 (La.App. 1 Cir. 9/21/01), 822 So.2d 617, 620, *writ denied*, 01-2813 (La. 1/4/02), 805 So.2d 204 (citing *Gaylord Container Corp. v. CNA Ins. Companies*, 99-1795 (La.App. 1 Cir. 4/03/01), 807 So.2d 864, *writ denied*, 01-2368 (La. 12/7/01) 803 So.2d 31).

Hercules asserts one assignment of error:

> The District Court erred in failing to give effect to the clear contractual obligations of Excell, thereby allowing Excell's insurers (or Excell, if it breached the contract) to escape all liability, by ignoring the separate and independent, one-sided and primary additional insured obligations they owed in favor of Hercules in the MSA and instead finding Hercules' defense and indemnity obligation came first.

2

Hercules asserts that the MSA provides that it shall be governed by the general maritime law of the United States. Hercules points to the following relevant contract provisions.

9. Insurance.

> During the term of this Agreement, Contractor [Excell] shall maintain at its sole expense the minimum insurance coverage specified in Exhibit "A" with underwriters acceptable to Company, and under the terms of coverage specified, all of which is adopted herein. Except as provided by law, the limits specified therein shall in no way limit liability or obligations of the Contractor for claims arising from performance of this Agreement and any applicable Work Order. . . .

15. Indemnity.

> A. Contractor shall defend, release, indemnify and hold harmless Company, its parents, subsidiaries, affiliates, officers, directors, agents, employees, or any company on whose behalf Company has contracted, or any third party whom Company is contractually obligated to indemnify for such matters, including, without limitation clients and other contractors, from and against all liens, claims, demands, causes of action, costs, expenses or losses (including but not limited to attorneys' fees) pertaining to, for or on account of injury to, illness or death of employees, or agents of Contractor, or anyone brought onto Company's work site by Contractor, its affiliates and subcontractors, or loss or damage to property of Contractor, its affiliates and subcontractors which arise from, are incident to or result directly or indirectly from the performance of the Work, the presence of the above individuals at any job or work site, or transportation to or from such locations, performance of this Agreement, or breach hereof. This indemnity extends to obligations as allowed under 33 U.S.C. §905(c).

> B. Company shall defend, release, indemnify and hold, harmless Contractor, its parents, subsidiaries, affiliates, officers, directors, employees and agents from and against all liens, claims, demands, causes of action, costs, expenses or losses (including but not limited to attorneys' fees) pertaining to, for or on account of injury to, illness or death of employees, or agents of Company, or employees of the "vessel" as used under 33 U.S.C. §905(c), or its affiliates, or loss or damage to property of Company, or its affiliates which arise from, are incident to or result directly or indirectly from the performance of the Work, the presence of the above in individual at any job or work site, or

3

transportation to or from such locations, performance of this Agreement, or breach hereof.

C. All indemnities under this Agreement (i) shall be supported by equal amounts of available liability (or other appropriate) insurance to be carried by the indemnifying party at its own expense and (ii) shall survive and not be affected by termination of this Agreement or completion of the Work. If it is judicially determined that the monetary limits of insurance required hereunder of the indemnities or releases assumed under this Agreement exceed the maximum monetary limits or scope permitted under Applicable law, it is agreed that said insurance requirements or indemnities or releases shall automatically be amended to conform to the maximum monetary limits or scope permitted under such law.

D. THE ALLOCATION OF RISK CONTAINED IN THIS PARAGRAPH 15 OR ELSEWHERE IN THIS AGREEMENT SHALL APPLY NOTWITHSTANDING THE SIMPLE, GROSS, SOLE, JOINT OR CONCURRENT NEGLIGENCE OF ANY PERSON OR PARTY (REGARDLESS OF WHETHER SUCH PERSON OR PARTY IS AN INDEMNITEE OR NOT), THE UNSEAWORTHINESS OR OTHER FAULT OF ANY VESSEL, "RUIN," OR STRICT LIABILITY, LIABILITY IMPOSED BY STATUTE, DEFECTS IN PREMISES, EQUIPMENT OR MATERIAL, OR ANY OTHER EVENT OR CONDITION WHETHER ANTICIPATED OR UNANTICIPATED AND REGARDLESS OF WHETHER PRE-EXISTING THIS AGREEMENT.

Hercules contends that Exhibit "A" to the MSA provides that Hercules must be named as an additional assured under any insurance policy and that such policies shall be primary as to additional assureds. Hercules contends that "[t]he separate and independent insurance and indemnity provisions thus exhibit that the MSA has reciprocal indemnity obligations, but a one-sided insurance requirement in Hercules' favor." Hercules further contends that "[i]f the parties had intended the mutual, reciprocal indemnity obligations to come first, they would have had any insurance requirement be limited by the indemnity obligation or required the insurance requirements to also be reciprocal." Hercules asserts that *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980) and its progeny lead to the

4

conclusion that "[e]ither Hercules is covered as an additional insured for Currey's claims, which coverage primes Hercules' indemnity obligation[;] or Excell breached the MSA, is liable to Hercules for damages caused by its failure to satisfy its contractual obligations[,] and Hercules is relieved on any obligation to indemnity Excell."

Excell frames the issue simply as: "whether the indemnity provision in favor of Excell is negated by an unrelated additional insured provision." Excell asserts that this court has explicitly rejected the argument advanced by Hercules in *Spell v. N.L. Indus., Inc.*, 618 So.2d 17 (La.App. 3 Cir. 1993), *writ denied*, 624 So.2d 1224 (La.1993). We agree.

In *Spell*, the contract at issue provided for reciprocal indemnity. In deciding a motion for summary judgment, the trial court found that "the contractual provisions regarding indemnity and insurance are independent and the indemnification provision remains effective regardless of whether Two "R" complied with the insurance provision in question." *Id*. at 19. This court further noted that "[t]he trial judge found nothing in the contract requiring compliance with the insurance provision for the indemnification provision to remain effective." *Id*. We note the finding that:

> This court rejects Union's argument that "if" Two "R" breached the terms of the contract by failing to have Union named as an additional insured pursuant to Paragraph 21 of the contract, then Two "R" is not entitled to a defense and indemnification by virtue of that breach. We find no indication of an intention that compliance with the insurance provision in question is required for the indemnification provisions to remain effective. *DeWoody v. Citgo Petroleum Corp*., 595 So.2d 395 (La.App. 3rd Cir.1992). We find no intention on the part of the parties that the insurance provision requiring that Union be named as an additional insured under policies procured by Two "R" was to satisfy Union's obligation to defend and indemnify Two "R".

*Id*. at 19-20.

Such is the case here.  Moreover, "[t]he rules of contractual interpretation simply do not authorize . . . the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent."  *Iteld* at p. 7.  Accordingly, we find that the trial judge was legally correct in finding that Hercules owed contractual defense and indemnity to Excell.

## DECREE

We affirm the trial court's ruling that Excell was entitled to defense and indemnity from Hercules under the MSA.  We also affirm the trial court judgment ordering Hercules to pay the costs of defense in the amount of $126,024.51 plus legal interest from the date of judicial demand.  Further, we affirm the trial court's denial of reimbursement of Excell's defense costs related to the pursuit of the indemnity claim.  Costs of this appeal are assessed against Hercules.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.